

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| OVERHEAD DOOR CORPORATION, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:17-00012-MGL |
| | § | |
| ASSA ABLOY ENTRANCE SYSTEMS | § | |
| GREENVILLE, INC., f/k/a Overhead Door | § | |
| Company of Greenville, Inc., and ASSA | § | |
| ALBOY ENTRANCE SYSTEMS US INC., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND

## I.    INTRODUCTION

Plaintiff filed this case as a breach of contract action.  Pending before the Court is Plaintiff's motion to remand this case to the South Carolina Court of Common Pleas for Greenville County.  Having carefully considered the motion, the response, the reply, the record, and the applicable law, the Court will grant Plaintiff's motion to remand.

## II.    FACTUAL AND PROCEDURAL HISTORY

The Court draws the relevant facts for purposes of this Order from Plaintiff's Amended Verified Complaint (AVC).  Plaintiff is a manufacturer of garage doors, entrance systems, openers, and related equipment.  Plaintiff sells, distributes, and services its branded products through a national network of specifically-trained, independently-owned distributors.  Defendant

Assa Abloy Entrance Systems Greenville, Inc. (AAES Greenville) is a South Carolina corporation with its principal place of business in Greenville, South Carolina.   AAES Greenville entered into an agreement with Plaintiff's predecessor in interest in or around 1969 to sell, distribute, and service Plaintiff's products (Distributor's Agreement).

Sometime prior to July 1, 2016, Defendant ASSA ABLOY Entrance Systems US, Inc. (AAES US), a competitor to Plaintiff, acquired AAES Greenville.   AAES Greenville informed Plaintiff of this acquisition by letter dated July 1, 2016.   Subsequently, Plaintiff provided written notice to AAES Greenville terminating the Distributor's Agreement.   Although the parties ended the Distributor's Agreement, there are provisions in it that bind the parties even after termination, by which Plaintiff advised AAES Greenville to abide.

On or about August 31, 2016, Plaintiff and AAES Greenville reached an agreement (Email Agreement) providing AAES Greenville would substantially cease certain conduct and abide by the post-termination terms of the Distributor's Agreement.   Among other things, the Email Agreement governs the use of Marks and identifiers including, but not limited to, OHD and ODC—initials used by Plaintiff as identifiers—and use of various telephone numbers.   Because AAES US acquired AAES Greenville, Plaintiff alleges AAES US is a real party in interest to the Email Agreement and is subject to the Email Agreement.

Plaintiff avers AAES Greenville has violated the Distributor's Agreement.   Plaintiff further asserts AAES Greenville and AAES US (collectively Defendants) have breached the Email Agreement.   Among other things, Plaintiff claims Defendants initially removed the websites "www.ohdog.com" and "www.hc-ohd.com," only to surreptitiously reactivate these addresses and now use them to take customers directly to AAES US's websites.

2

Plaintiff (1) seeks a declaratory judgment the Distributor's Agreement is enforceable and specific performance of the same; (2) alleges AAES Greenville breached the Distributor's Agreement; (3) contends Defendants breached the Email Agreement; and (4) requests injunctive relief as to Defendants.

Defendants filed a notice of removal on January 3, 2017, alleging this Court possesses federal question jurisdiction over the action under 28 U.S.C. § 1331 because, purportedly, Plaintiff's claims substantially depend on whether certain "Marks" are protected trademarks. Plaintiff filed its motion to remand shortly after removal, to which Defendants filed a response and Plaintiff filed a reply.   Additionally, AAES US filed a motion to dismiss all claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the parties have fully briefed as well. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of Plaintiff's motion to remand.

## III.    STANDARD OF REVIEW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."   28 U.S.C. § 1441(a).   "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   *Id.* § 1447(c).   "The burden of establishing federal jurisdiction is placed upon the party seeking removal."   *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).   The Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated."   *Dixon v. Coburg*

*Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at 151). "Therefore, '[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary.'" *Id.* (quoting *Mulcahey*, 29 F.3d at 151). Moreover, any ambiguity is to be construed against the removing party. *Her Majesty The Queen In Right of the Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

When considering a motion to remand, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163-64 (5th Cir. 1988). For a court to have federal question jurisdiction over a case, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's claims. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936). The "well-pleaded complaint rule" requires the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)).

The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In examining the complaint, the Court "must first discern whether federal or state law creates the cause of action." *Mulcahey*, 29 F.3d. at 151. If the claims are created by state law, the Court should generally remand. But, under the substantial federal question doctrine, the Court must determine whether the case falls into the "small class of 'cases in which a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . .

4

claims.'"  *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988)).

Under the substantial federal question doctrine, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013).  "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts."  *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)).  If a defendant fails to establish any of these elements, the claim does not arise under federal law pursuant to the substantial federal question doctrine, and removal is therefore unjustified.  *Pinney*, 402 F.3d at 442.


## IV.    CONTENTIONS OF THE PARTIES

In Plaintiff's motion to remand, it initially asserts the AVC, on its face, presents claims arising only under state law.  Plaintiff calls into question Defendants' removal of the case, taking issue with Defendants' averments (1) because Plaintiff used the word "Marks" in its pleading its claims substantially depend on federal law and (2) Plaintiff is unable to meet its burden of proof as to AAES US because AAES US was not a party to the contracts at issue.  Plaintiff relies on the plain language of the AVC to support its position all the claims are state law claims involving breach of contract and consequences stemming therefrom.  Plaintiff states the term "Marks" is

contractually defined in the Distributor's Agreement and fails to require an interpretation of federal intellectual property law.

Plaintiff further avers, even if its claims require the determination of whether a trademark exists and who owns it, Defendants are unable to show federal law is necessarily raised in the AVC. Plaintiff urges alternative grounds exist under state law for establishing the existence of any trademarks. Additionally, Plaintiff contends AAES US is a party to the contracts at issue. Plaintiff seeks an award of its costs and fees in procuring a remand.

Defendants dispute each of these assertions.

## V.     DISCUSSION AND ANALYSIS

In light of the legal standard set forth above, the Court must examine the AVC to determine whether Plaintiff alleges state or federal causes of action against Defendants.

Defendants assert "the federal nature of the claims arises not because [Plaintiff] could have brought a claim under the Lanham Act, but rather because [Plaintiff] has in fact brought a claim requiring a Lanham Act determination." ECF No. 16 at 9 (emphasis omitted). According to Defendants, "[a] determination on the contract claims requires a determination of whether [Plaintiff's] purported 'Marks' are trademarks protected under the Lanham Act." *Id.* at 9-10 (emphasis omitted). Defendants insist "[b]ecause [AAES US] is not subject to either contract at issue here, there is no contractual basis upon which [Plaintiff] could seek an injunction against [AAES US]. Therefore, the request for an injunction restraining [AAES US] from using its 'protected Marks' must necessarily sound in trademark law." *Id.* at 4. The cogency of Defendants' argument eludes the Court.

6

Again, the four corners of the AVC reveal Plaintiff alleges state law contractual claims as opposed to any federal claims, to wit: Plaintiff (1) seeks a declaratory judgment the Distributor's Agreement is enforceable and specific performance of the same; (2) alleges AAES Greenville breached the Distributor's Agreement; (3) contends Defendants breached the Email Agreement; and (4) requests injunctive relief as to Defendants.    Thus, on its face, the AVC raises only state law causes of action.    It is left now to the Court to determine whether any of Plaintiff's claims arise under federal law pursuant to the substantial federal question doctrine.

As observed above, the crux of Defendants' argument that Plaintiff alleges a federal law claim relates to Plaintiff's use of the term "Marks" in the AVC.    Here, the term "Marks" is contractually-defined in the Distributor's Agreement, which provides Plaintiff "has adopted and widely used trade-marks and names listed in Exhibit I of the attached 'Standard Provisions' (such marks and names, together with any marks or names hereafter employed by [Plaintiff], being hereinafter called the Marks)."    ECF No. 13-3 at 2.    By its terms, this definition is not limited to federally registered marks; rather, to be a protected Mark under the Distributor's Agreement requires only a determination whether the name or mark is listed in Exhibit I of the "Standard Provisions" or had been used at some time by Plaintiff.

Additionally, in the Email Agreement, Defendants have agreed the term "Marks" is not limited by federal trademark law.    The Email Agreement provides "[d]iscontinuance of all such Marks must occur by September 1. . . . As noted before, the Agreement protects any marks or names employed by [Plaintiff]. . . . The fact that the initials could have other meanings does not exempt them [from] the language of the Agreement."    ECF No. 13-4 at 3 (internal quotation marks omitted).

The other side of Defendants' argument Plaintiff raises a federal law claim is their contention AAES US is not subject to either the Distributor's Agreement or the Email Agreement. As set forth above, however, Plaintiff alleges in the AVC that AAES US was a real party in interest to the Email Agreement and, having acquired AAES Greenville, is subject to the Email Agreement. When considering a motion to remand, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff.   *Willy*, 855 F.2d at 1163-64.   At this juncture, it is not for the Court to determine whether AAES US is subject to the Email Agreement, as that would be a determination on the merits of Plaintiff's third cause of action alleging both Defendants breached the Email Agreement.   Rather, the Court accepts Plaintiff's allegations as true when evaluating the motion to remand.

Because Plaintiff alleges a breach of contract claim against AAES US in its third cause of action, Defendants' argument that Plaintiff's fourth cause of action seeking injunctive relief necessarily raises federal trademark law is unavailing.   In fact, one of the possible bases for injunctive relief here is the alleged irreparable harm caused by the breach of contract.   It is axiomatic "[a] plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue."   *Dixon*, 369 F.3d at 816.   "[I]f a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist."   *Mulcahey*, 29 F.3d at 153. "In other words, if the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not arise under federal law for purposes of § 1331." *Dixon*, 369 F.3d at 817 (internal quotation marks omitted).

For these reasons, the Court holds Defendants have failed to demonstrate Plaintiff's claims for relief necessarily depend on a question of federal law.   As Defendants have failed to establish Plaintiff necessarily raised a federal issue in its state law claims, Plaintiff's claims fail to arise under federal law pursuant to the substantial federal question doctrine, and removal is therefore unjustified.   *See Pinney*, 402 F.3d at 442.   The Court will thus grant Plaintiff's motion to remand.

"[O]nce a district court determines that it lacks subject matter jurisdiction over a removed case, § 1447(c) directs that the case 'shall be remanded.'"   *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 589 (4th Cir. 2006) (quoting § 1447(c)).   "This mandate is so clear that, once a district court has found that it lacks subject matter jurisdiction in a removed case, no other fact-finding, legal analysis, or exercise of judicial discretion is necessary in order to follow the congressional directive; the decision to remand a case to remedy a lack of subject matter jurisdiction is purely ministerial."   *Id.*; *see also Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (noting § 1447(c) grants "no discretion to dismiss rather than remand [a removed] action" in which subject matter jurisdiction is lacking (internal quotation marks omitted)), *superseded on other grounds by* 28 U.S.C. § 1442(a)(1) (2000).   Therefore, AAES US's motion to dismiss will be rendered moot.

As noted above, Plaintiff seeks an award of the costs and fees incurred in procuring a remand of this action.   Under § 1447(c), the Court may award costs and fees incurred as a result of the removal only where the removing party lacked "an objectively reasonable basis for removal."   *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).   Because the Court holds the removal was based upon a reasonable legal argument and not so obviously frivolous as to constitute an abuse of the court system, the Court will deny Plaintiff's request for costs and fees.

9

Given these holdings are dispositive of the issues before the Court, the Court need not address the parties' remaining arguments.     *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

## VI.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court Plaintiff's motion to remand is **GRANTED** and this matter is **REMANDED** to the South Carolina Court of Common Pleas for Greenville County.   Consequently, AAES US's motion to dismiss is **RENDERED MOOT**.   Each party shall bear its own fees and costs in this matter.

**IT IS SO ORDERED**.

Signed this 13th day of February, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis_____
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE